Thank you. Good morning, Your Honor. My name is Jan Behar and I represent Mr. Benjamin Alvarado-Ochoa, the petitioner in this case. I'd like to start by just highlighting some of the factual relevant aspects of the case. Mr. Alvarado-Ochoa was convicted and was subsequently placed in deportation proceedings by the Immigration Service based on a charge of Health and Safety Code, California Health and Safety Code 11-352-a. He was charged as an aggravated felon. At the initial hearing, the master calendar, which is like an arraignment, we requested, we denied the charges, requested leave to brief it, requested leave to apply for relief from removal if indeed he was found removable. The immigration judge at the hearing immediately denied him based on the Lomas case, which was then effective, and ordered him deported. We took an appeal to the Board of Immigration Appeals, who affirmed the immigration judge's decision. And ultimately, after several other steps, a petition for writ of habeas corpus was filed with the Federal District Court in the Southern District of California. That district court denied the habeas petition, stating specifically that even though Rivera-Sanchez, an en banc decision of this Court, had overruled the Lomas case, that it nonetheless had not overruled U.S. v. Arzate Nunez, which is a 1994 decision also of this Court. I point out that Rivera-Sanchez is a 2001 en banc decision. The Court's specific finding was the Ninth Circuit has held a conviction under 11-352A for sale or transportation of a controlled substance is an aggravated felony, United States v. Arzate Nunez. Rivera-Sanchez did not overrule this decision. Well, why the decision was not overruled, I can't tell you a hundred percent, but I would note that I believe that in Arzate Nunez there was an element of sale involved, which was lacking in Rivera-Sanchez and in the present case. And I think that's pivotal in this case. Rivera-Sanchez applies the U.S. v. Taylor doctrine, in which the Court takes a statute, which can be one that punishes an aggravated felony and also one that punishes conduct which is not an aggravated felony. And if on its face the conduct does not show that the — that it is an aggravated felony, then the Court must look to judicially noticeable facts. In the Alvarado-Ochoa case, the present case, the judicially noticeable facts would be the information under which he was charged. And the 11352A charge specifically says transportation. It does not allude to the sale. Furthermore, I would just point out that my client was also charged with possession for sale, two counts of that. He was acquitted specifically by the jury on both of those counts. So there is no conduct available that shows that he was convicted of any kind of sale offense. Therefore, under the Rivera-Sanchez case, he would not be deportable as an aggravated felony, which is as he was charged in the deportation proceedings. And I think that just on that basis, the matter should be overturned. What is the relief you're asking for? You want us to reverse the district court and order his release? Yes, Your Honor. I would like that the proceedings be order terminated because he is not — he was charged as an aggravated felon based on a conviction for 11352A. It is not an aggravated felony. And I don't think that the government has properly charged him, if at all. Can we do that, or do we have to send it back so that the BIA can terminate the proceedings? Your Honor, I think that if the charge is wrong, I think this Court has the authority to simply deem it so and order it. What I'm thinking of is there was a recent Supreme Court decision that reversed us for granting relief and said we should have sent it back to the BIA so that they could make the ultimate decision. And I can't remember — It's Inez v. Ventura. Ventura, yeah. You're right. There is the Ventura case. In all honesty, I did look at Ventura, but I don't remember the exact holding. At Ventura, there was an element of discretion left, right? It wasn't a matter of pure law? I believe so. But in this case, there is — it's not a matter of discretion. It's strictly a legal argument. Either 11352, if you applied the Taylor approach, if it's not an aggravated felony, he was improperly charged, that's the end of the story. So that's what I'm asking for. And then the other part of your argument is that possession, which is considered an aggravated felony, was expunged, state conviction for possession. Yes, Your Honor. That is one of the arguments that we did make. I would actually like to reserve my time to deal with another issue, which I think is crucially important, unless you want me to emphasize that one. That's okay. But do you choose what you think is most important? Because I think that one is detailed in the brief. But, yes, the expungement, I think, is valid. There are all sorts of reasons, comedy, federalism, et cetera, why I think that the State expungement, if we're going to recognize a State court's ability to convict somebody, why can't we give them the same deference and find that the State court has the ability to pardon someone and find them not guilty when it deems it appropriate under the law of the State? You don't really need to go that far, do you? You've got this Federal statute, the First Defender Act, that says that if a person has been convicted of an 844 offense and hasn't previously been convicted, the conviction shall not be considered a conviction for any other purpose. That's correct. Under Lujan Armendariz, Your Honor. And does that apply to this case, and is that all you need? I think it is. I think it would apply because this, although there were more than one count, there was only one. It was all in the same event, and the entire thing, to my knowledge, was vacated by the California State court. If I may turn to the other issue that I think is crucial in this case is, assuming for a second that Mr. Alvarado were not, that the Court were not to find that he was undeportable, so to speak, or that the Court were to find that he was properly put in deportation proceedings, there's an extremely important issue, which is a sincere issue. And I want to point out that although the government has alleged that the Supreme Court did not make this guilty plea an issue, that is not true. The Supreme Court did not say that. The Supreme Court mentioned it because that's exactly what happened in St. Cyr, but it did not make it a condition under which a case should have been remanded. In fact, the language that the Supreme Court uses is, INS v. St. Cyr recognizes that a lawsuit has a retroactive effect if it takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed. I want to point out that in my client's case, his decision to go to trial was not in any way giving up his rights to a 212C hearing, because even if he was convicted of an aggravated felony, assume that he even got convicted of the trafficking charges, he still would have been eligible for the 212C remedy unless he had been sentenced to and served more than five years. The 11-352A carries a maximum sentence of five years. In California, in 1994, if he got sentenced to the maximum 11-352 of five years, the most he would have served would have been two and a half years. He would not have been ineligible, and the rights had vested in 1993 when he acquired seven years as a permanent resident. Do we need to reach the 212C arguments if you get relief for your client on the expungement and taking notice of them and the aggravated felony? I don't think so, Your Honor, because then he would have been simply released from the case. Thank you. Thank you, counsel. Counsel? Good morning. Michelle Slack for the Attorney General, John Ashcroft. There are several issues that have been raised in this case in the briefs, but I would like to begin by addressing an issue that hasn't been raised in the briefs, and that's one of jurisdiction. The issues raised in this case have to do with the definition of aggravated felony, the definition of conviction, and the availability of 212C relief. As to the first two, this Court and a direct petition for review is the Court where those issues are to be determined in the first instance. Don't we have a change in the law here? Well, not with respect to the issue for purposes of jurisdiction. It's a jurisdictional issue. I don't understand what you mean. Well, Mr. Alvarado brought a petition for review. Actually, kind of going back to the procedural history of this case, in his second habeas petition, the district court told him this issue having to do with aggravated So in that regard, he's actually waived any challenge that he could have raised  Instead, what he did was he took the dismissal on the petition for review and dismissed without prejudice that second habeas petition. But then Mr. Alvarado filed the petition for review with this Court and then never even challenged the government's motion to dismiss on the very basis of the aggravated felony. So in that regard, he's actually waived any challenge that he could have raised at that time. Instead, what he did was he took the dismissal on the petition for review and turned around and went back to the district court and argued the very same things he should have been arguing to this Court on the petition for review. And now he is claiming that, well, you know, that's an issue here. I don't think you made this argument in your brief, did you? No, it's not. It's not raised in the brief, Your Honor. Why not? You know, to tell you the truth, I really do not know. I think it's an apparent It's a little hard to grasp for the first time orally with no preparation. And to the extent that you wish any supplemental briefing, I'm sure that the government would provide that supplemental briefing. If we choose to direct it, we will. Okay. But I felt that it was necessary to raise what was an apparent oversight on the part of both parties here relating subject matter jurisdiction, because I'm a little concerned with sandbagging of your opponent. He walks in here thinking the argument's about one thing, and then it turns out to be another. And I'm concerned about sandbagging us, coming in unprepared on the issue you're arguing because it wasn't briefed. Yes. And I understand you're at the court. Let me take away that issue, because I'm not sure that's an issue that goes to our jurisdiction. You're arguing a statutory procedure. But I agree with Judge Kleinfeld. I didn't want to hear that argument. It's totally inappropriate at this juncture. Okay. Well, I mean, the government takes the position that it's an issue of subject matter jurisdiction. I understand what the government is doing, but it's totally inappropriate. It should have been in the briefs, or a supplemental brief, if you only thought of it late. Well, I felt that it was necessary to raise the issue because as a matter of subject matter jurisdiction. All right. If you want to spend all your time arguing with the Court over this, feel free. No, I don't. I just want to make sure that I. I just want to make sure, Your Honor, that I raise. Those are the merits of the case. We understand. Okay. Addressing the merits of the case having to do with the effect, essentially the effect of Rivera-Sanchez on the definition of aggravated felony, beginning with that issue. The district court was correct that Rivera-Sanchez doesn't really actually How does transportation get to be an aggravated felony? It looks to me as though trafficking is, which means sale, transfer, commerce. And as opposed to possession for personal use in the Federal statutory scheme, that scheme doesn't have a category for transportation. But since the transportation does not involve any commerce in the substances, why wouldn't it be something other than trafficking, something more like possession? Well, first of all, kind of going to this Court's decision in Lomas that Rivera-Sanchez overruled because of the categorical analysis. It found that because it didn't, because Lomas and Estrada Torres never looked at the aspect of solicitation in doing its categorical analysis of 11352, that that was the problem with the Lomas decision. The Rivera-Sanchez court did not take issue with Lomas's examination and reasoning having to do with transportation itself being illicit trafficking. Drug trafficking is merely a subset of what is considered illicit trafficking under 1101A.43b. It is not the only thing that is illicit trafficking. And in the Lomas case, what the court Transportation by itself, wasn't it? Wasn't it sale, sale or transportation? Well, actually, no. And Mr. Alvarado was actually convicted of transportation. No, no. I mean in the Numas case. In the Lomas case? In the Lomas case, the court actually analyzes the transportation aspect. There was a sale or transportation conviction in Lomas. And what the court's looking at there is whether or not transportation is illicit trafficking, because if it isn't, then the statute itself isn't facially and on its face an aggravated felony. So the Lomas decision with respect to the analysis it does for transportation is still pertinent for this Court to consider. And in Lomas, the court talked about the greater harm for movement of drugs from place to place than there is for simple possession. It's not simple possession. And, in fact, if you look at 21 U.S.C. section 801 Why isn't it just simple possession plus transportation, which Rivera-Sanchez likens to simple possession for personal use? I mean, it's like somebody, well, he was acquitted of the possession for purposes of sale, as I recall. And why isn't it like somebody who has his personal stash of marijuana and has it in his pocket when he's driving and gets stopped for his feeding ticket? It's possession and transportation. Well, because in Rivera-Sanchez, it was actually the solicitation aspect of the statute that they took issue with it. That's what they found to be the reason why the offense is not an aggravated felony on its face and why it requires analysis into what type of crime it actually was. And then it doesn't really take issue with Lomas and doesn't take issue and doesn't overrule specifically the Arzate case in which Lomas was also relying on in finding that transportation was an illicit trafficking offense. Another point is in 21 U.S.C. section 801, Congress is actually recognizing transportation as part of the chain of trafficking and distribution. So kind of adding to that. I'm going to stop here. I'm looking at the reasoning of Rivera-Sanchez, and I'm having trouble fitting it into your argument. The reasoning of Rivera-Sanchez is you look at the statute. If it lists some generic offenses, it omits others. It covers only the generic offenses expressly listed. So we do that with the federal statute. And then we look at the state statute, and we see whether what the person was convicted of fell within the federal statute. And here, transportation we know is not covered by the federal statute, and it's what he was convicted of. It seems syllogistic. I'm just not – I'm missing something. Well, because, Your Honor, it's kind of premised on the idea that the only type of illicit trafficking that's defined by the Controlled Substances Act, but actually, illicit trafficking, drug trafficking is only a subset of illicit trafficking. And in Lomas, one of the rare cases in which this Court actually looked at the definition of illicit trafficking separate from drug trafficking. I'm not taking issue that it doesn't fall within the definition of drug trafficking, because there isn't – transportation isn't covered by that. It wasn't separate. It was with sale in Lomas. Yeah, but the Court in Lomas was still looking at whether or not transportation is something that is an aggravated felony, because if it isn't, then the statute could not be by its – on its face an aggravated felony. Why should we care? It says in Rivera-Sanchez, we must overrule our previous holdings in Estraditores, Lomas, and United States v. Lara Aceves. Because those cases did never address the solicitation aspect. And because that's actually what Rivera-Sanchez is overruling Lomas for, is this categorical approach. It's not saying that transportation is not an aggravated felony. It's saying that solicitation is not an aggravated felony. So you're trying to hold on to the proposition that transportation is an aggravated felony, despite Rivera-Sanchez. Yes. But I can't get how you get around that. Well, because Rivera-Sanchez doesn't say that transportation is not an aggravated felony. It merely says that solicitation is not. And that's based on its earlier – this Court's earlier ruling in La Vella La Silla. The logic's the same. But the logic. How do you avoid the logic? Because transportation is more than solicitation. I thought it was – I thought it was what they both are not is any of the things listed in the Federal statute. And as for whether it's more, gee, it seems easier to argue that it's less. Solicitation at least has some connection with the possible sale, and transportation need not. Well, but solicitation – I mean, transportation, as Long's Court recognized, is in some respect like importation. You're moving – you're moving the drugs. It increases the harm. Oh, you think the big deal with importation is that the contraband physically moves from one location to another as opposed to the big deal being that it crosses an international border. I wouldn't say that. I don't think that both are significant points. It seems kind of bizarre to me. But the Rivera-Sanchez Court was focused on solicitation. Because solicitation is part of 11-352, then you can't have a categorical. It's not just automatically an aggravated felony. You need to look to see which offense. It didn't say that transportation itself is not an aggravated felony. It said that it's not categorically an aggravated felony because it contains solicitation. And transportation, the reasoning of the Lowman's Court at the very least still should be considered, in which it examined very closely, you know, the increased harm, how this isn't just possession. This is something greater than that. And look, too, to the congressional findings that are in 21 U.S.C. 801, Section 801, in which Congress recognized that transportation really is a part of this chain of drug distribution. Thank you, counsel. Very briefly, Your Honors. The issue here is that there is no sale. There's no sale conduct. U.S. v. Taylor says how this thing should be handled. Rivera-Sanchez says how this thing should be handled. 11-352 encompasses sale, encompasses transportation and solicitation. Not all of them are aggravated felonies. There must be some element of trafficking. I would equate the transportation to something akin to mobile possession, which does not mean that it's for sale. Thank you. Thank you, counsel. Alvarado-Ochoa is submitted.
judges: Kleinfeld, Wardlaw, Pogue